<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3   DONGGUAN DEEGO TRADING CO.      )  Case No. 25 C 4962
     LTD.,                          )
 4                                  )
                     Plaintiff,     )
 5                                  )
          v.                        )
 6                                  )
     GIEURY-US, et al.,             )  Chicago, Illinois
 7                                  )  May 21, 2025
                     Defendants.    )  9:03 a.m.
 8

 9          TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
            BEFORE THE HONORABLE JOHN J. THARP, JR.
10
     APPEARANCES:
11
     For the Plaintiff:     GETECH LAW LLC
12                          BY:  MS. GE (LINDA) LEI
                            203 N. LaSalle Street, Suite 2100
13                          Chicago, Illinois 60601

14   For the Defendants:    FOX ROTHSCHILD LLP PA
                            BY:  MS. LAUREN B. SABOL
15                          BNY Mellon Center
                            500 Grant Street, Suite 2500
16                          Pittsburgh, Pennsylvania 15219

17

18

19

20   Court Reporter:        KELLY M. FITZGERALD, RMR, CRR
                            Official Court Reporter
21                          219 S. Dearborn Street, Room 2304A
                            Chicago, Illinois  60604
22                          (312) 818-6626
                            kmftranscripts@gmail.com
23
                         *   *   *   *   *
24
                 PROCEEDINGS REPORTED BY STENOTYPE
25     TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
</pre>

1      (Proceedings heard in open court:)

2          THE CLERK:  The first case before us will be case

3  number 25 CV 4962, Dongguan Deego Trading Company, Ltd. v.

4  Gieury USA, et al.

5          Please approach.

6          MS. LEI:  Good morning, Your Honor.  Ge Linda Lei for

7  the plaintiff.

8          THE COURT:  Good morning.

9          MS. SABOL:  Lauren Sabol, Fox Rothschild, on behalf of

10  the defendants.

11          THE COURT:  All right.  Good morning.

12          I set this for a show cause hearing this morning with

13  respect to this case which was returned to this district from

14  the Western District of Pennsylvania pursuant to an order

15  issued by Judge Bissoon there in case 25 CV 321.

16          The gist of the order in the -- and I've reviewed some

17  of the materials on the docket in that Western District of

18  Pennsylvania case.  Seems to be that after I -- after a

19  complaint was filed in this case naming something on the order

20  of 30-some defendants, and I issued an order requiring some

21  briefing with respect to joinder, the plaintiff dismissed or

22  filed an amended complaint dropping all but one of the

23  defendants in the original case.  And in response to that

24  action, I entered an order recognizing that the case was only

25  going forward to one defendant but directing that if the same

1    claim was reasserted against any of the original defendants in

2    this case, that claim had to be asserted in a new case in which

3    there was an indication on the civil cover sheet that the case

4    was related to this case.

5          After entering that order, it's my understanding from

6    the review of the documents that the Western District of

7    Pennsylvania case was filed which included approximately ten of

8    the original defendants in this case who would have been

9    subject to the Court's prior ruling.

10          That's my understanding of where we are, Counsel.  So

11    what do you want to --

12          MS. LEI:  Yes, Your Honor.

13          THE COURT:  -- explain?

14          MS. LEI:  Yes, Your Honor.

15          So that's accurate description of what happened

16    before.  So when we filed the new case in the Western District

17    of Pennsylvania, there was about 116 defendants.  There are

18    only ten overlapping.  The reason that we did not include the

19    previous case in the Western District of Pennsylvania case was

20    because first it was oversight from our side.  We saw their

21    minute entry; but when we filed a new case, we -- we failed to,

22    you know, acknowledge; their previous minute entry was simply

23    overlooked.

24          And plus, with the civil cover sheet, with many years

25    of practice, it's kind of our experience that sometimes we list

4

1    some previous related, maybe the same plaintiff involving the

2    same kind of IP, other patent trademark copyright, it's not

3    very clear that, you know, it should be a related case or not.

4    And sometimes if we list as a related case, it will not

5    necessarily mean that will be assigned to the same judge.

6          So it was some kind of -- that's -- with that kind of

7    background, so that's why with the new case, it was way more

8    defendants.  And the previous case, there was only one

9    defendant remaining.  In the new case, it was totally different

10   defendants.  So that's why we did not include that as a

11   related -- as a related case on the civil cover sheet.

12         But with Your Honor's minute entry, it was -- that

13   definitely our error that we didn't -- you know, it was

14   overlooked when we filed the new case, and we do apologize for

15   that.

16         And in terms of Your Honor's decision, how you would

17   like to move the case forward, if Your Honor thinks that

18   dismissal is the appropriate way to take, we just hope that,

19   you know, if you can dismiss without prejudice to have the

20   plaintiff another opportunity if the plaintiff would like to

21   proceed further against any of those defendants for sure, the

22   plaintiff will list their previous Northern District of

23   Illinois case and also the Western District of Pennsylvania

24   case all as a related case if the plaintiff does want to file a

25   new case against any of those original defendants as listed.

1    THE COURT:  And I'm sorry, Counsel.  Your name is?

2    MS. LEI:  Ge Linda Lei.

3    THE COURT:  Okay.

4    The reason, Counsel, that I entered the order that I

5 did is that I have seen this series of events play out in other

6 cases, and I have called it out as forum shopping previously.

7 In other circumstances, this Court has been on the receiving

8 end of new cases filed where the original claims filed against

9 defendants were in another case and were dropped when the case

10 appeared to be assigned to a judge that was going to question

11 joinder.

12    In this case, you know, in other words, Judge

13 Bissoon's role in this case is how I adverted to this problem,

14 having had several cases where many, if not all, of the

15 defendants named in the case have previously been named in

16 another case assigned to a judge in this district but

17 voluntarily dismissed from the case when the case assignment

18 was made.  That is why I specifically included in the order a

19 direction that if any claims against the -- any of the original

20 defendants in this case were to be pursued, that they had to be

21 indicated on whatever one's understanding or experience with

22 other cases may suggest is the -- you know, would be the

23 appropriate course of action.

24    That goes out the window when the Court has directly

25 instructed counsel that the condition of refiling a claim

1    against any of the dropped defendants was to indicate that

2    that -- those defendants had been previously dismissed from a

3    related case.

4         So it really doesn't matter if other judges think that

5    in this situation the cases aren't related or are related.  I

6    included an express direction and instruction to counsel about

7    how to deal with this situation, precisely so we wouldn't -- we

8    would avoid this kind of situation where another judge has had

9    to spend resources and another court has expended resources

10   handling claims that should never have been asserted in that

11   court, should have -- if they were to be asserted should have

12   been asserted in this court in accordance with the Court's

13   directions.  I have difficulty seeing how that could have been

14   missed.  It was included, you know, in the order that I entered

15   expressly.

16        What's the defendants' perspective here?

17        MS. SABOL:  Thank you, Your Honor.  Lauren Sabol on

18   behalf of defendants GRT.Store --

19        THE COURT REPORTER:  Can you come up, please, and

20   stand by the microphone.

21        MS. SABOL:  Lauren Sabol of Fox Rothschild on behalf

22   of defendants GRT.Store, YLY Travel, Gieury-US and

23   AREYTECO.LLC.

24        It's a little surprising here today to hear that the

25   plaintiff said that this was an accident because that's not

1   what she communicated to Judge Bissoon in the Western District

2   of Pennsylvania order, the show cause hearing, and there's a

3   transcript of that.  During that hearing, counsel indicated

4   that she intentionally filed in the Western District of

5   Pennsylvania because the -- in Northern District of Illinois,

6   the Court had an unfavorable view of joinder and that she did

7   not think that the cases should have been identified as

8   related.

9           And this is also despite the Western District of PA

10  having a local rule indicating that if the same property such

11  as the patent is at issue, the case is related.  So there was

12  not only Your Honor's order.  There was also a local rule

13  requiring them to be identified as related.

14          The defendants think in this case that a sanction of

15  dismissal with prejudice as well as an award of fees and costs

16  would be appropriate under numerous -- numerous authority.  One

17  case, I'll just point out to Your Honor, is X, the letter X,

18  ped LLC v. The Entities Listed on Exhibit 1 at 609 F.Supp.3d

19  831, Northern District of Illinois, 2023.  This is Judge

20  Jenkins, a similar type Schedule A case as to this where there

21  were misrepresentations made and the Court dismissed with

22  prejudice as well as sanctions under Rule 11 and the Court's

23  inherent authority.

24          In this case, I think also 28 U.S.C. 1927 would come

25  into play for unreasonably and vexatiously multiplying the

1    proceedings.  And under the Patent Act, if there is a dismissal

2    and the defendants are the prevailing party, that allows under

3    Section 35 U.S.C. 285 for attorney fees to be awarded.

4         And one of the rationale in the *Xped* case for such --

5    such type sanctions, both a dismissal with prejudice as well as

6    an award of attorney fees on the one hand, deterrence from

7    doing these type of things, from disobeying court orders.  And

8    you'll see in Judge Bissoon's order where she transferred, she

9    specifically found that there was intentional circumvention of

10   this Court's order to find a more favorable forum.  I believe

11   that is a showing of intentionality and bad faith.

12        And also on the attorney fees side, the *Xped* case

13   said, you know, in these type of situations, it's really hard

14   for a court to uncover these type of bad faith or not following

15   the Court's directive, and I think -- and they want to

16   encourage defendants to appear and to challenge these type of

17   things so the Court would be aware of them.  I believe that if

18   the defendants had not appeared and defaulted, as is what

19   happens in many of these Schedule A type cases, Judge Bissoon

20   likely would have entered a preliminary injunction, default

21   judgment, and the plaintiff would have unlawfully, in our view,

22   collected the defendants' assets when the case should not have

23   been joined, especially 100-some-14 defendants that have no

24   relation and no basis for joinder was asserted in PA or in this

25   case.

1          THE COURT:  Why did you file the case in Western

2    District of Pennsylvania?

3          MS. LEI:  Your Honor, during the last hearing at the

4    Western District of Pennsylvania, I did state that the reason

5    we -- we filed the case in the Western District of Pennsylvania

6    is because in this district court, as I know that, you know,

7    different courts, they have different view on the joinder.  And

8    the reason we filed there is because we -- it's our opinion

9    that that district court has a favorable -- favorable approach

10   in terms of the joinder.

11         And at the hearing -- you know, the transcript is

12   there if Your Honor will peruse -- I didn't lie or make

13   inconsistent statements during the last hearing.  The

14   statements I said, you know, the reason we didn't include the

15   previous Illinois case in the Pennsylvania case is because in

16   the Northern District of Illinois case, there was only one

17   defendant remaining in that case which was dismissed at the

18   last hearing that we had with the Western District of

19   Pennsylvania.  And for the Pennsylvania case, there was 119

20   defendants, and because there was only one, there's no

21   overlapping so that's why we -- you know, we did not on the

22   civil cover sheet.

23         And when Judge Bissoon asked me about Your Honor's

24   minute entry on this Illinois case, it kind of -- it kind of

25   caught me off guard because I -- you know, I -- actually at

1    that hearing I did not specifically remember Your Honor's

2    minute entry regarding that if we must file a new case, we have

3    to list as a related case.

4           Again, I really apologize, you know, with many cases

5    going on with the time lapse, everything.  So I saw that minute

6    entry before, but at the time we filed the new case, my office

7    prepared the filings, I took a look, but I -- at that time I

8    didn't remember the specific -- Your Honor's minute entry, you

9    know, directing us to do that.  So I did forget, and I didn't

10   remember until last hearing.  Then after the hearing, I pulled

11   the case docket record and saw Your Honor's minute entry.  It's

12   very clear that, you know, you ask us to list as a related

13   case, and we did not.  And we do apologize to that.

14          But in terms of the case, it has merits on the case.

15   The patent is valid.  It's issued.  It's the *prima facie*

16   evidence.  It's the validity of the patents.

17          THE COURT:  All right.  There's no point in talking

18   about the merits of the case at this juncture.  That's not what

19   we're here for this morning.  I'm not concerned with the merits

20   or lack of merits of the substantive issues in the case.  I'm

21   concerned about the fact that this case, in claims against

22   defendants who were previously defendants in this court ended

23   up as defendants in a new case in Pennsylvania despite the

24   Court's express order and instructions to the contrary.

25          I mean, given -- given that, Counsel, why should I not

1   grant a motion that, at a minimum, compensates counsel for

2   their time and effort in litigating this matter and that

3   resolves the claims at least against the defendants who were

4   previously named as defendants in this court?  Why is that not

5   an appropriate remedy for what you are acknowledging was your

6   mistake?

7           MS. LEI:  Your Honor, the reason is because -- even

8   though Your Honor didn't want to go into the merits of the

9   case, it's because that we do have strong merits on the case.

10  Even if we are going to litigate fully against those

11  defendants, it's our position we'll get a favorable decision on

12  the merits of the case of the infringement.

13          So it's not -- if the case will get refiled, not

14  considering the joinder issue like against each defendant all

15  the way through, we believe that on the merit of the case we

16  will get a favorable decision on the -- on the merit of the

17  case.

18          So it's not that we filed a frivolous case without any

19  merits, without any basis.  It was a more procedure oversight.

20  So if we speak on the merits of the case that, you know, we

21  think it's -- it's -- we do have merits.  It's -- it's a strong

22  case.

23          THE COURT:  Counsel, putting aside the defendants who

24  were originally named in this court and were also named in the

25  Pennsylvania case, why does it make sense to dismiss with

1    prejudice the defendants who were new defendants in

2    Pennsylvania?

3              MS. SABOL:  Your Honor, I think that it would just be

4    part of a sanction with deterrence, a deterrence impact that

5    the plaintiff should not be able to circumvent a court's order,

6    try to get joinder in a more favorable forum and adding -- by

7    adding even more defendants somehow still benefit from that and

8    be able to proceed when they were trying to lump everybody

9    together.  And, you know, I'm sure Your Honor is very familiar

10   with these cases, how they go.  It's, you know, they're hoping

11   to get little settlements from a lot of different defendants.

12   So I think it's really the sanction for deterrence from

13   plaintiffs trying to do these type of things.

14             And I'll just add that counsel again I think claimed

15   that she was not aware, forgot about your court's joinder

16   order.  But in all of the briefing leading up to the hearing

17   before Judge Bissoon, that was a main theme in defendants'

18   filings, that this case should not have been brought in Western

19   District of Pennsylvania, that there was this prior proceeding,

20   prior order.  They were related.  So I believe that the

21   plaintiff should have been well aware prior to the hearing with

22   Judge Bissoon and should not have been caught off guard by

23   questions about that order.

24             THE COURT:  All right.  Anything else, Counsel?

25             MS. LEI:  Your Honor, we did spend a lot of time on

1    the joinder issue in response to defendants' opposition to our

2    motion for preliminary injunction.  We have -- you know, our

3    position with joinder is that we think joinder is proper in

4    those cases, but we understand that, you know, different

5    courts, they have different opinions.  So I don't think why

6    it's not appropriate to discuss joinder in response to their

7    opposition trial motion for preliminary injunction.  We did

8    talk about the joinder, why joinder is proper.  We did spend a

9    lot of time.  And the reason, as I stated earlier, is because

10   we -- you know, we think joinder should be proper.  But I do

11   understand different courts' opinion and position on this

12   joinder issue, and that's why we filed -- we admitted that, you

13   know, the reason we filed at the Western District of

14   Pennsylvania is because we thought that district court has more

15   favorable opinion on the joinder issue.

16            THE COURT:  All right.

17            MS. SABOL:  Your Honor, if I could just add one more

18   thing --

19            THE COURT:  Yep.

20            MS. SABOL:  -- to that point you were asking about is

21   out of my clients, I believe only one of which was not named in

22   the prior lawsuit was added in the Western District of

23   Pennsylvania, so that -- that client would obviously be

24   represented.  But the hundred other remaining defendants never

25   appeared in Western District of PA, and I think it's fair to

1  assume they probably will not appear in this case.  And so what

2  will happen if it proceeds against them is that the plaintiff

3  will likely get a default judgment and collect some monies from

4  them, again, just benefitting from all of this that should

5  never have really have happened.  It should have come up in

6  Northern District of Illinois.  Even if they added these

7  defendants, joinder probably would have been questioned again,

8  and the cases would have had to have been split up or however

9  the plaintiff would have decided to proceed.  So, again, that's

10  just another reason why I think dismissal with prejudice as to

11  all of the defendants so as the plaintiff is not benefitting

12  from their actions.

13           THE COURT:  Okay.

14           I understand the point, but the conduct that is

15  problematic here is not that plaintiffs filed a case against a

16  bunch of defendants in the Western District of Pennsylvania.

17  Substantively the case may have merit, may not have merit;

18  joinder may be appropriate, may not be appropriate.  But what

19  is problematic here is what is clearly, and I think it's been

20  conceded, was forum shopping.

21           I'm not convinced that this was a simple mistake

22  either.  My order not only said, you know, you have to file any

23  new claims against these people as related -- in a case that's

24  identified as a related case.  But the predicate to that was

25  unless you're going to defend joinder, and I indicated that you

1    needed to brief the joinder issue.  So I don't know how that

2    was missed or misconstrued or neglected to take into account

3    the Court's order with respect to filing any new claims in a

4    separate case but identified as a related case.

5            That's the problem here.  That's the conduct that I am

6    concerned about here.  It's forum shopping.  It was engaged in

7    in an attempt to circumvent my prior order and to continue to

8    assert claims against people -- defendants who had been

9    previously named in this court despite the instructions and

10    orders issued by this court.

11            So I think this was clearly an episode of forum

12    shopping that clearly violate -- it's not just forum shopping,

13    but it's also contravention and disregard for the Court's

14    orders that were entered in order to prevent forum shopping.

15            So I believe a sanction is appropriate here.  But I

16    don't believe the sanction is -- the appropriate sanction is

17    dismissing with prejudice the claims against all the defendants

18    named in this case because, again, there was -- there was no

19    order entered, and there's nothing that was preventing counsel

20    from filing a new case in the Western District of Pennsylvania

21    against entirely new plaintiffs.  The problem is naming

22    plaintiffs who had previously been subject to this court's

23    order in this court and in the case that was filed in this

24    court.

25            So I'm going to dismiss the claims against any

1 | defendant who was originally named in the complaint that was

2 | entered in this case.  Those claims are dismissed with

3 | prejudice.  Those claims cannot be reasserted against any of

4 | those original defendants in this court.

5 | The claims against the other defendants who were named

6 | in the Pennsylvania case will be dismissed, but that dismissal

7 | will be without prejudice.

8 | And I'm going to require counsel to pay attorneys'

9 | fees that are directly attributable to having to litigate the

10 | propriety of the filing of the case before Judge Bissoon.  I

11 | think that's appropriate.  Whether counsel engaged in this

12 | conduct intentionally or negligently, it's inexcusable.  And

13 | it's unjust to -- for the defendant to have to bear costs and

14 | pay attorneys' fees to correct and address that improper

15 | conduct.

16 | So I'll have -- defendant can submit a proposed order

17 | awarding attorneys' fees attributable to this matter.

18 | How long do you need to do that?

19 | MS. SABOL:  I could do it by the end of the week,

20 | Your Honor?  Does that --

21 | THE COURT:  All right.  We'll call it seven days.

22 | MS. SABOL:  Okay.

23 | THE COURT:  Seven days to respond thereafter to any

24 | objections to the -- not to attorneys' fees but to the amount

25 | of attorneys' fees that are being requested.  If there's any

1    objection, I will adjudicate that issue and enter an order.

2         MS. SABOL:  Your Honor, just to clarify, you said a

3    proposed order.  Would you also like the supporting

4    documentation for the attorney fees in the form of more of a

5    motion or just a proposed order with the amount?

6         THE COURT:  No, I've ruled.  Attorneys' fees are

7    appropriate here given the conduct.  And the conduct is clear.

8    It's admitted.  So I don't think we need any further briefing.

9    You can just submit a proposed order setting out your

10   calculation of attorneys' fees that are directly attributable

11   to this issue.  And I will give plaintiff a week to file any

12   objection to that proposed order, and then I will resolve any

13   disputes about that.

14        Because all the defendants in the case are going to be

15   dismissed either with or without prejudice -- well, I'll tell

16   you what we do need, Counsel.  We do need -- I want to make

17   sure on the record that the defendants who were originally

18   named in this case are properly reflected as having been

19   dismissed with prejudice.  So include with your submission the

20   listing of the ten or so defendants who should not have been

21   named in the Western District of Pennsylvania case.

22        But because all of the defendants are going to be

23   dismissed, whether with or without prejudice, the case is

24   terminated.  You'll need to file -- if you intend to go forward

25   with a case against any defendants who have previously been

1    named in the Western District of Pennsylvania case which was

2    transferred here, you need to file a new case in this district

3    naming those individuals.  And, again, those individuals, those

4    defendants, cannot include any defendant that was previously a

5    defendant named in the original case filed by Dongguan Deego

6    Trading Company in this court.

7            Is that clear?

8            MS. LEI:  Yes, Your Honor.

9            MS. SABOL:  Your Honor, a few other clarifications.

10           For the proposed order, is the award against counsel

11   or counsel and plaintiff, both jointly?

12           THE COURT:  The award is against counsel.  It's

13   counsel's conduct here.

14           MS. SABOL:  And the attorney fee award, is it for all

15   of the defendants or just the overlapping defendants that are

16   dismissed with prejudice?

17           THE COURT:  It's the defendants who are being

18   dismissed with prejudice.  Now, I understand the briefing

19   relates to both sets of defendants as well as substantive

20   matters.  That's why I say I want you to limit your request to

21   fees that are directly attributable not to the filing of a case

22   in the Western District of Pennsylvania that you might have

23   exerted time defending but is directly attributable to the

24   issue of the joinder and naming of the defendants in that case

25   who should not have been named.

1    So if you've got, you know, an opening brief that

2 deals with both of those issues, I want to see a reasonable

3 segregation of those costs and fees.  I understand that may not

4 be scientifically or precisely doable, but I want to see a

5 reasonable effort made to segregate the fees that you would

6 have had to pay had those defendants not been in the case from

7 the fees that had been incurred because those defendants were

8 in the case.

9    MS. SABOL:  Okay.  Understood, Your Honor, yeah.

10    What -- so two of the defendants, GRT.Store and YLY

11 Travel, sell identical products except for color.  So their --

12 the work done for the two of those were essentially

13 overlapping.  And that was handled by another law firm in

14 Western District of PA that I will coordinate to get their

15 information -- or sorry.  I handled that one, and then the

16 other two defendants, Gieury and AREYTECO, were handled by

17 another law firm, Offit, in Western District of PA.  So I will

18 coordinate with them to get their information for the filing.

19    So the way I understand it is essentially the -- you

20 want me to segregate out the fees that were additionally

21 incurred because of these overlapping defendants that would not

22 have been incurred if the plaintiff had filed the case against

23 the non -- just the nonoverlapping defendants?

24    THE COURT:  Exactly.

25    MS. SABOL:  Understood.

1          THE COURT:  Okay.

2          MS. LEI:  Your Honor, just one clarification.

3          So for the attorneys' fees, I know they also include

4   some sessions, substantive sessions discussing the validity of

5   the patent and noninfringement issues.  It's my belief that the

6   amount of time and fees spent on those should not be included,

7   right?

8          THE COURT:  I think that's consistent with what I just

9   said.  It's -- it's not costs that would have been incurred in

10  litigating the case had the improper defendants not been

11  included in the case.  It's the costs that were incurred

12  because counsel had to deal with this issue in briefing this

13  question.

14         MS. LEI:  Okay.

15         THE COURT:  Okay.

16         MS. SABOL:  But just, sorry, one more further

17  clarification.

18         For the overlapping defendants, obviously validity

19  would go to everybody.  But if there were noninfringement

20  arguments made that were specific to the overlapping

21  defendants, those would not have been made if those defendants

22  would not have been named again and the TRO had been entered

23  against them.  They would have just been noninfringement

24  arguments made as to the new defendants.

25         THE COURT:  All right.  And if those arguments would

1  not have needed to be made had the improper defendants not been

2  named in Pennsylvania, you can request fees for that.

3        MS. SABOL:  Understood, Your Honor.

4        THE COURT:  Okay.

5        All right.  That's how we're going to resolve this

6  issue.  Once I get the briefs and enter the order with respect

7  to attorneys' fees, the case will be terminated on the docket.

8        Thank you.

9        MS. LEI:  Thank you, Your Honor.

10       MS. SABOL:  Thank you.

11       THE CLERK:  Court is in recess.

12    (Concluded at 9:37 a.m.)

13

14

15                    *   *   *   *   *

16      I certify that the foregoing is a correct transcript

17  from the record of proceedings in the above-entitled matter.

18  */s/Kelly M. Fitzgerald*          *June 3, 2025*
    Kelly M. Fitzgerald
19  Official Court Reporter

20

21

22

23

24

25